# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL SCHWARTZ, on behalf of himself and others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : |
| Plaintiff, | : <br> : |
| v. | : **CLASS ACTION COMPLAINT** <br> : |
| ARMADURA LEGAL d/b/a FEDERAL TAX LAW GROUP INC. | : <br> : **JURY TRIAL DEMAND** <br> : |
| Defendant. | : <br> / |

Plaintiff Michael Schwartz (hereinafter referred to as "Plaintiff"), brings this Class Action Complaint and Demand for Jury Trial against Defendant Armadura Legal d/b/a Federal Tax Law Group Inc. (hereinafter referred to as "Federal Tax Law") to stop Federal Tax Law from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded and other telemarketing calls and text messages to consumers without their consent, including to consumers whose telephone numbers were registered on the National Do Not Call Registry. Plaintiff, for this Complaint, alleges as follows upon personal knowledge of himself and his acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF ACTION

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans' outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to initiat[e] any outbound telephone call to a person when…[t]hat person's telephone number is on the "do-not-

2

call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Mr. Schwartz brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Armadura Legal d/b/a Federal Tax Law Group Inc. ("Federal Tax Law") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. The recipients of Federal Tax Law's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Federal Tax Law makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

6. Plaintiff Michael Schwartz is, and at all times mentioned herein was, a resident of Cincinnati, Ohio.

7. Defendant Armadura Legal Inc. d/b/a Federal Tax Law Group is a Nevada corporation doing business throughout the United States, including in Ohio.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9. This Court has general personal jurisdiction over Federal Tax Law Group because the violative conduct to Plaintiff was directed here.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were directed to this District, and Plaintiff resides and received them here.

## INTRODUCTION

11. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)

using … an artificial or pre-recorded voice…to any telephone number assigned to a…cellular telephone service." See 47 U.S.C. §227 (b)(1)(A)(iii).

13. According to findings by the Federal Communication Commission ("F.C.C."), the agency Congress vested with the authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. While "prior express consent" is required for all pre-recorded calls, in 2013, the F.C.C. required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in,

5

property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

16. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans daily. 105 Stat. 2394 at § 2(3).

17. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 F.C.C. Rcd. 14014, ¶¶ 2, 8 (2003).

18. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years. Industry data shows that the number of robocalls made each month increased from 831 Million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

> "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the F.C.C." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of F.C.C. chairman.

19. "The F.T.C. receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, C.G. Docket No. 02-278, at 2 (2016).

## COMMON ALLEGATIONS

20. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

21. The Plaintiff's phone number, 817-600-XXXX, has been on the National Do Not Call Registry since May 25, 2021.

22. The Plaintiff uses the number for personal purposes.

23. The number is not associated with a business.

24. Plaintiff has not sought out or solicited information regarding Defendant's services.

25. Defendant runs telemarketing campaigns using calls that use pre-recorded voice messages or text messages to induce the consumers to call back at Defendant's phone numbers and text messaging.

26. Defendant strategically leaves pre-recorded voicemails to consumers phones en masse to get the consumers to call them back, including to consumers who never consented to receive pre-recorded voice message calls or text messages from or on behalf of Defendant, like in Plaintiff Schwartz's case.

27. On 4/13/2023, after being called several times by Defendant, Plaintiff told the caller, identifying herself as "Margie," to put his phone number on her company's internal do not call list and to stop calling him. It was after that interaction that the automated calls and texts started.

28. Despite his stop request on (dates) Plaintiff received unsolicited text messages on his phone from Defendant on 10/20/23, 10/20/23, 10/21/23,10/21/23, 10/30/23,11/15/23, 12/11/23, 12/12/23, 12/12/24,1/12/24, 1/15/24, 1/16/24,1/19/24,

7

2/16/24, 2/21/24, 2/23/24, 2/27/24, 3/19/24, 4/9/24, 4/15/24, with one of the following messages:

**This is Federal Tax Group,
reaching out to ask if you need
help with your Tax Issue!**

**Please respond YES or NO.**

**Do you need help with your TAX ISSUE?
Please respond YES or NO."**

29. The plaintiff received pre-recorded messages identifying each call from Federal Tax Law Group calling to ask if he was having a federal tax problem. These calls were received on 8/3/23, 8/21/23, 9/21/23, 10/13/23, 10/23/23, 11/2/23, 11/10/23, 12/5/23, 12/26/23, twice on 4/4/24, 4/5/24, 5/10/24, 5/16/24. These calls stated either that it was Mike calling with Federal Tax Law Group to ask if Plaintiff was having a federal tax problem or was calling to claim the Plaintiff had reached out to one of their offices about help with his alleged "tax problem. He hadn't. The system disconnected the call in each call before Plaintiff could press "2" to opt out of future calls.

30. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by using

their telephone power and network bandwidth and the intrusion on their telephone that prevented them from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

30. Plaintiff bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called on their cellular telephone number (2) using a pre-recorded voice message, (3) for substantially the same purpose that Plaintiff was called.
>
> **National Do Not Call Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one call and/or text messages from Defendant (3) for substantially the same reason Defendant called and/or texted Plaintiff (4) within a 12-month period from the four years prior to the filing of this action through class certification.
>
> **Internal Do Not Call Class (Texted calls):** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called and/or texted on their residential telephone line at least two times within a 12-month period (2) including at least once after Defendant's records reflect that the consumer had communicated their wish to not receive any further communications from the Defendant (3) for substantially the same reason Defendant called and/or texted Plaintiff.

31. Defendant and its employees or agents are excluded from the class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

9

32. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

33. Members of the Class are so numerous that their individual joinder is impracticable.

34. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

35. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

36. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality and Predominance

37. There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the class. Common questions for the class include, but are not necessarily limited to, the following:

    a) whether the Defendant's conduct violated the TCPA;

    b) whether Defendant placed pre-recorded voice messages calls to Plaintiff Schwartz and members of the pre-recorded class;

c) whether Defendant made calls and texts to telephone numbers on the National Do Not Call Registry;

d) whether the Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal, do not call list;

e) whether members of the class are entitled to treble damages based on the willfulness of Defendant's conduct.

## Typicality

38. The claims of the named Plaintiff are typical of the claims of the class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

## Adequacy of Representation

39. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

40. Plaintiff and his counsel will fairly and adequately protect the interests of Class Members.

### **Superiority**

41. The class mechanism is superior to other available means for the fair and efficient adjudication of Class Members' claims.

42. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

43. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

44. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

45. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

46. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Schwartz and the Internal Do Not Call Class)

47. Plaintiff repeats and realleges paragraphs 1 through 46 of this Complaint and incorporates them by reference herein.

48. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

    (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

    (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

    (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable

for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do not-call request must be honored for 5 years from the time the request is made.

49. Defendant placed calls to Plaintiff and members of the class without implementing internal procedures for maintaining a list of persons who request not to be texted by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant to initiate telemarketing text messages.

50. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private

action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

51. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the class are each entitled to up to $1,500 per violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schwartz and the Pre-recorded No Consent Class)**

52. Plaintiff Schwartz repeats and realleges prior paragraphs 1 through 46 of this Complaint and incorporates them by reference.

53. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Schwartz and the other Pre-recorded No Consent Class members using a pre-recorded voice message.

54. These pre-recorded voice calls were made en masse without the prior express consent of the Plaintiff Schwartz and the other members of the Pre-recorded No Consent Class.

55. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Schwartz and the other members of the Pre-

recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**THIRD CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schwartz and the National Do Not Call Class)**

56. Plaintiff Schwartz repeats and realleges prior paragraphs 1 through 46 of this Complaint and incorporates them by reference.

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

58. The Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

60. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry, using a pre-recorded message. or sending a text message, in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: July 29, 2024         PLAINTIFF, on behalf of himself and
                             others similarly situated,

                             */s/ Jeremiah E. Heck*
                             Jeremiah E. Heck (0076742)

17

Luffman. Heck & Associates, L.L.P.
6253 Riverside Drive, Suite 200
Dublin, Ohio 4301 7
Phone: (614) 224-1500
Fax: (614) 224-2894
JHeck@lawlh.com

Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

Patric A. Lester (P.H.V. forthcoming)
CONSUMER ATTORNEY ADVOCATES INC.
5694 Mission Center Road, #358
San Diego, CA 92108
Phone (619) 665-3888
pl@lesterlaw.com